IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CHRISTINE R., | ) |
|     Plaintiff, | ) No. 21 C 4384 |
| v. | ) Magistrate Judge M. David Weisman |
| KILOLO KIJAKAZI, Acting Commissioner of Social Security, | ) |
|     Defendant. | ) |

## MEMORANDUM OPINION AND ORDER

Christine R. appeals the Acting Commissioner's decision denying her application for Social Security benefits. For the reasons set forth below, the Court reverses the Acting Commissioner's decision.

### Background

On February 20, 2019, plaintiff applied for benefits, alleging an amended disability onset date of March 3, 2019. (R. 47, 75-76.) Her application was denied initially, on reconsideration, and after a hearing. (R. 13-34, 97-98, 125-26.) The Appeals Council declined review (R. 1-3), leaving the ALJ's decision as the final decision of the Acting Commissioner reviewable by this Court pursuant to 42 U.S.C. § 405(g). *See Villano v. Astrue*, 556 F.3d 558, 561-62 (7th Cir. 2009).

### Discussion

The Court reviews the ALJ's decision deferentially, affirming if it is supported by "[s]ubstantial evidence," *i.e.*, "'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Gedatus v. Saul*, 994 F.3d 893, 900 (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971)). "[W]hatever the meaning of 'substantial' in other contexts,

the threshold for such evidentiary sufficiency is not high." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019).

Under the Social Security Act, disability is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). The regulations prescribe a five-part sequential test for determining whether a claimant is disabled. *See* 20 C.F.R. §§ 404.1520(a), 416.920. The Acting Commissioner must consider whether: (1) the claimant has performed any substantial gainful activity during the period for which she claims disability; (2) the claimant has a severe impairment or combination of impairments; (3) the claimant's impairment meets or equals any listed impairment; (4) the claimant retains the residual functional capacity to perform ("RFC") her past relevant work; and (5) the claimant is able to perform any other work existing in significant numbers in the national economy. *Id.*; *see Zurawski v. Halter*, 245 F.3d 881, 885 (7th Cir. 2001).

At step one, the ALJ found that plaintiff had not engaged in substantial gainful activity since the alleged disability onset date. (R. 15.) At step two, the ALJ found that plaintiff has the severe impairments of osteoarthritis bilateral knees, morbid obesity, diabetes mellitus type II; De Quervain's syndrome, left shoulder tendinopathy, neuropathy, brain meningioma, headaches, essential hypertension, major depressive disorder, and post-traumatic stress disorder. (R. 15-16.) At step three, the ALJ found that plaintiff's impairments did not meet or medically equal a listed impairment. (R. 16.) At step four, the ALJ found that plaintiff cannot perform past relevant work but has the RFC to perform light work with certain exceptions. (R. 20-21, 32.) At step five, the

ALJ found that jobs exist in significant numbers in the national economy that plaintiff can perform, and thus she is not disabled. (R. 33-34.)

Plaintiff contests the RFC, which states:

> [T]he claimant has the residual functional capacity to perform light work . . . except: she can occasionally climb ramps and stairs, stoop, and crouch. She can frequently balance. She can never kneel or crawl. She can never climb ladders, ropes, or scaffolds. She can occasionally reach overhead with the left upper extremity. *She can frequently handle and finger with the bilateral upper extremities.* She should avoid workplace hazards such as unprotected heights and moving mechanical parts. She should avoid working in conditions of extreme heat and/or cold or humidity and/or wetness. She is limited to simple tasks in a routine work setting, but not at a production rate pace, for example, no assembly line work. She is limited to occasional changes in the workplace, and occasional interaction with supervisors, coworkers, and the general public.

(R. 20-21) (emphasis added).

In fashioning the RFC, the ALJ discounted the opinion of one of plaintiff's treaters, Dr. Hadley, that plaintiff "did not appear to have any limitations in reaching, handling, or fingering," because it was inconsistent with records from Stroger Hospital, which show that plaintiff's impairments "would cause additional limitations in handling, fingering, reaching and climbing." (R. 26.) If the ALJ had accepted Dr. Hadley's entire assessment, then the ALJ's conclusion that plaintiff was capable of frequent handling or fingering would have support in the record. However, that is not the case here. Instead, the ALJ concluded that plaintiff can frequently handle and finger because plaintiff's son said plaintiff uses a computer daily and the independent medical examiner ("IME") said that plaintiff "had normal grip strength and manual dexterity" in her hands. (R. 22, 29 (citing R. 284, 746).)

Plaintiff argues that the evidence cited by the ALJ does not support the RFC for frequent, as opposed to occasional, handling and fingering. *See* SSR 83-10, 1983 WL 31251, *5-6 (1983) (defining "frequent" to mean "occurring from one-third to two-thirds of the time," and

3

"occasional" to mean "occurring from very little up to one-third of the time"). The Court agrees. The statement by plaintiff's son that she uses a computer everyday sheds no light on how long she can do so before needing to stop. The same is true for the IME's findings that plaintiff has normal grip strength and dexterity. These statements alone (or in conjunction) do not explain the ALJ's conclusion that plaintiff can frequently handle or finger items. Moreover, because the vocational expert testified that there would be no jobs available to plaintiff if she were limited to occasional handling and fingering (R. 72), the ALJ's error is not harmless.

## Conclusion

For the reasons set forth above, the Court reverses the Acting Commissioner's decision, denies the Acting Commissioner's motion for summary judgment [16], and in accordance with the fourth sentence of 42 U.S.C. § 405(g), remands this case for further proceedings consistent with this Memorandum Opinion and Order.

**SO ORDERED.**                                              **ENTERED: August 25, 2022**

**M. David Weisman**
**United States Magistrate Judge**